IRELL & MANELLA LLP
Morgan Chu (70446) (mchu@irell.com)
Jonathan S. Kagan (166039) (jkagan@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

David C. McPhie (231520) (dmcphie@irell.com)
Rebecca L. Clifford (254105) (rclifford@irell.com)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Plaintiff
Juniper Networks, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIPER NETWORKS, INC., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| ALTITUDE CAPITAL PARTNERS, L.P., a Delaware limited partnership, and SECURITY RESEARCH HOLDINGS LLC, a Delaware limited liability company, | |
| Defendants. | |

Plaintiff Juniper Networks, Inc. ("Juniper") alleges as follows:

## PARTIES

1.      Plaintiff Juniper is a corporation duly organized and existing under the

laws of the State of Delaware, and has its principal place of business at 1194 North

Mathilda Avenue, Sunnyvale, California 94089.

2.    On information and belief, Defendant Altitude Capital Partners, L.P. ("Altitude") is a limited partnership organized and existing under the laws of the State of Delaware, and has a principal place of business at 485 Madison Avenue, Suite 2300, New York, NY 10022.

3.    On information and belief, Defendant Security Research Holdings LLC ("SRH") is a limited liability company organized and existing under the laws of the State of Delaware, and has a principal place of business at 485 Madison Avenue, Suite 2300, New York, NY 10022.

## JURISDICTION

4.    This action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America. This Court also has subject matter jurisdiction under 28 U.S.C. § 2201 because, as shown below, a substantial controversy exists between Juniper and Altitude and SRH regarding patent non-infringement, invalidity, and unenforceability.

5.    This Court has personal jurisdiction over Altitude and SRH because they have engaged in numerous contacts and business dealings within the State of California (including in relation to their acquisition of rights to the patents-in-suit) and have participated in the bringing of patent infringement claims against Juniper, a California resident.

## VENUE

6.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), because a substantial part of the events giving rise to Juniper's claims occurred in this district.

1

## INTRADISTRICT ASSIGNMENT

2      7.    Pursuant to Civil Local Rule 3-2(c), because this action is an

3 intellectual property action, it is properly assigned to any of the divisions in this

4 district.

5

## GENERAL ALLEGATIONS

6      8.    Juniper designs, develops, markets, and sells a wide variety of network

7 security products, and intends to continue designing, developing, marketing, and

8 selling these products.

9      9.    On information and belief, SRH is owner of all substantial rights to

10 United States Patent Nos. 6,119,236 ("the '236 Patent"), which is titled "Intelligent

11 Network Security Device and Method," and names Peter M. Shipley as the inventor.

12      10.   On information and belief, SRH is owner of all substantial rights to

13 United States Patent No. 6,304,975 B1 ("the '975 Patent"), which is titled

14 "Intelligent Network Security Device and Method," and names Peter M. Shipley as

15 the inventor. (The '236 and '975 Patents will collectively be referred to herein as

16 the "patents-in-suit.")

17      11.   On information and belief, SRH was created for the sole purpose of

18 purchasing rights to the patents-in-suit from a company called Enhanced Security

19 Research, LLC ("ESR").

20      12.   On information and belief, SRH is owned and controlled by Altitude,

21 and is Altitude's alter ego. Altitude is in the business of purchasing and investing in

22 patent portfolios that are monetized by suing other companies for patent

23 infringement.

24      13.   On November 2, 2007, ESR (a purported predecessor-in-interest to the

25 patents-in-suit) brought a complaint for patent infringement against Juniper in the

26 United States District Court for the Eastern District of Texas alleging that certain

27 Juniper network security products infringe the patents-in-suit.

28

COMPLAINT FOR DECLARATORY JUDGMENT

1    14.    On information and belief, in late 2008 or early 2009, Altitude and

2  SRH negotiated with ESR to obtain all substantial rights to the patents-in-suit via a

3  "Purchase Agreement."

4    15.    On July 17, 2009, the Texas case was dismissed by the Texas court

5  because ESR lacked standing to bring the suit.

6    16.    On May 18, 2009, ESR filed another complaint for patent infringement

7  against Juniper in the United States District Court for the Eastern District of Texas.

8  This case will also likely be dismissed for lack of subject matter jurisdiction,

9  because ESR does not currently have standing to assert the patents-in-suit.

10    17.    On information and belief, Juniper believes that Altitude and SRH

11  (collectively, "Defendants") plan to themselves assert in the immediate future that

12  Juniper's network security products infringe the patents-in-suit.  Therefore, a

13  substantial controversy of sufficient immediacy and reality exists between Juniper

14  and Defendants as to whether any of Juniper's products infringe any valid and

15  enforceable claims of any of the patents-in-suit to warrant the issuance of a

16  declaratory judgment.

17    18.    Juniper desires a judicial determination of the foregoing controversy

18  and a declaration by the Court of the parties' respective rights.

19                         **FIRST CAUSE OF ACTION**

20    **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,119,236)**

21    19.    Juniper incorporates by reference paragraphs 1-18 of this Complaint

22  and re-alleges them as though fully set forth herein.

23    20.    Based on Defendants' actions, Juniper's past and current conduct, and

24  Juniper's future plans, all as described above, a substantial controversy has arisen

25  between Juniper and Defendants concerning whether Juniper has infringed or does

26  infringe any valid and enforceable claim, properly construed, of the '236 Patent, and

27  whether Juniper is liable for the purported infringement of any such claim, either

28

COMPLAINT FOR DECLARATORY JUDGMENT

2097318

1   literally or under the doctrine of equivalents, and whether based on a theory of direct

2   infringement, contributory infringement, or infringement by inducement.

3        21.   Juniper does not infringe, and has never infringed, any valid and

4   enforceable claim, properly construed, of the '236 Patent, and is not liable for the

5   purported infringement of any such claim, either literally or under the doctrine of

6   equivalents, and whether based on a theory of direct infringement, contributory

7   infringement, or infringement by inducement.

8        22.   A judicial declaration that Juniper does not infringe any valid and

9   enforceable claim of the '236 Patent is necessary and appropriate at this time so that

10  Juniper can ascertain its rights and duties with respect to designing, developing,

11  marketing, and selling networking products.

12                    **SECOND CAUSE OF ACTION**

13  **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,304,975 B1)**

14       23.   Juniper incorporates by reference paragraphs 1-18 of this Complaint

15  and re-alleges them as though fully set forth herein.

16       24.   Based on Defendants' actions, Juniper's past and current conduct, and

17  Juniper's future plans, all as described above, a substantial controversy has arisen

18  between Juniper and Defendants concerning whether Juniper has infringed or does

19  infringe any valid and enforceable claim, properly construed, of the '975 Patent, and

20  whether Juniper is liable for the purported infringement of any such claim, either

21  literally or under the doctrine of equivalents, and whether based on a theory of direct

22  infringement, contributory infringement, or infringement by inducement.

23       25.   Juniper does not infringe, and has never infringed, any valid and

24  enforceable claim, properly construed, of the '975 Patent, and is not liable for the

25  purported infringement of any such claim, either literally or under the doctrine of

26  equivalents, and whether based on a theory of direct infringement, contributory

27  infringement, or infringement by inducement.

28

26.    A judicial declaration that Juniper does not infringe any valid and
enforceable claim of the '975 Patent is necessary and appropriate at this time so that
Juniper can ascertain its rights and duties with respect to designing, developing,
marketing, and selling networking products.

## PRAYER FOR RELIEF

WHEREFORE, Juniper prays for judgment as follows:

A.    For a judicial determination that Juniper is not infringing, and has not
infringed, any valid and enforceable claims of the '236 or '975 Patents;

B.    For a judicial determination, pursuant to 35 U.S.C. § 285, that this case
is exceptional and that Juniper be awarded its reasonable attorneys' fees and costs;
and

C.    For such other and further relief as this Court deems just and proper.

Dated:  July 27, 2009                    IRELL & MANELLA LLP


By: _____
    Jonathan S. Kagan
    Attorneys for Plaintiff
    Juniper Networks, Inc.

1

2           ## DEMAND FOR JURY TRIAL

3           Juniper Networks, Inc. hereby demands a trial by jury on all issues triable to a

4    jury.

5

6    Dated:  July 27, 2009                           IRELL & MANELLA LLP

7

8                                          By:
9                                              Jonathan S. Kagan
                                               Attorneys for Plaintiff
10                                             Juniper Networks, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28