UNITED STATES DISTRICT COURT

Northern District of California

JUNIPER NETWORKS, INC.,

            Plaintiffs,

  v.

ALTITUDE CAPITAL PARTNERS, L.P. and
SECURITY RESEARCH HOLDINGS, LLC,

            Defendants.
_____/

No. C 09-03449 JSW (MEJ)

**ORDER RE DISCOVERY DISPUTE
(DKT. #107)**

      The Court is in receipt of the parties' joint letter filed on April 23, 2010. (Dkt. #107.) The dispute concerns the proper scope of documents to be included in the privilege log prepared by Defendants Altitude Capital Partners, L.P. ("Altitude") and Security Research Holdings, LLC ("SRH") (collectively "Defendants"). Specifically, the parties cannot agree on an appropriate cut-off date for documents to be included in the log.

      On March 22, 2010, the Court issued a ruling on a discovery dispute regarding the scope of discovery related to Defendants' Motion to Dismiss, pending before the Honorable Jeffrey S. White, the presiding judge in this matter. (Dkt. #85, filed under seal.) In the Motion to Dismiss, Defendants argue the Court does not have subject matter jurisdiction over this action action because Plaintiff Juniper Networks, Inc. ("Plaintiff") failed to name the patent owner, Enhanced Security Research ("ESR"), as a defendant, and because there is a first-filed case regarding the patents-in-suit, filed by ESR against Plaintiff, which is pending in Delaware. (Def.'s Mot. to Dismiss 2:5-8, Dkt. #36.) In the March 22, 2010 Order, the Court ordered Defendants to produce documents relating to how decisions are made with respect to the patents-in-suit and communications and payments among Defendants, Peter Shipley (the inventor of the patents-in-suit), and ESR.

      In responding to Plaintiff's requests, Defendants served a privilege log that included

1  documents dated up to November 2, 2007, the filing date of the Delaware action.  Plaintiff now
2  requests that Defendants log all documents dating up to July 27, 2009, the filing date of the instant
3  lawsuit, and which fall within the ambit of the undersigned's March 22, 2010 Order.

4       In the parties' letter, Plaintiff argues that Defendants have admitted to having numerous
5  responsive documents dated between November 2, 2007 and July 27, 2009, but have omitted them
6  based on the date that the now-pending Delaware action was filed.  Plaintiff contends that these
7  documents represent a critical time period of communications between Defendants and ESR
8  reflecting relevant issues such as ownership and control over the patents-in-suit.  Plaintiff argues
9  that it is entitled to know the identity of the relevant withheld documents and the basis upon which
10 they have been withheld, so that it may challenge the claims and potentially access the documents
11 that are relevant to resolution of the pending motion to dismiss.

12      In response, Defendants admit that they have withheld documents dated after November 2,
13 2007, arguing that this date is an appropriate cutoff as it is the date of the first-filed action involving
14 Plaintiff and the patents-in-suit.  Defendants argue that November 2, 2007 is appropriate because
15 Plaintiff and ESR have been engaged in litigation since that date.  Specifically, Defendants state that
16 Defendant SRH serves as a manager for ESR and advises it on the enforcement of the patents-in-
17 suit, which involves extensive conversations with counsel on litigation strategy.  Defendants argue
18 that forcing them to log each of these privileged communications would require them to log several
19 thousands of documents, which will be burdensome and will not assist Plaintiff in its continued
20 opposition to the motion to dismiss.  Defendants note that Plaintiff has already deposed Defendants'
21 corporate representative, received answers and amended answers to interrogatories, has received
22 nearly 3000 pages of documents of jurisdictional discovery, and now has received a privilege log.
23 Given this production to date, Defendants argue that the burden of requiring them to add documents
24 to the log, especially while another lawsuit is pending involving the patents-in-suit, would be an
25 unnecessary burden.

26      Having reviewed the parties' arguments, the Court agrees with Plaintiff.  While it will likely
27 require considerable effort to log the disputed documents, Defendants concede that they are relevant.
28

Further, Defendants have already been ordered by this Court to produce such documents, and they did not request the July 27, 2009 cut-off date at that time. Additionally, the Court is not convinced that the burden of logging these documents outweighs Plaintiff's need for or entitlement to the information. Accordingly, consistent with the Court's March 22, 2010 Order, Defendants are ORDERED to produce a privilege log detailing responsive documents which are dated prior to July 27, 2009.

**IT IS SO ORDERED.**

Dated: May 20, 2010

MARIA-ELENA JAMES
Chief United States Magistrate Judge